IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRODERICK ROBINSON #1447077 | § | |
| | § | |
| V. | § | A-08-CA-931-SS |
| | § | |
| TRAVIS COUNTY SHERIFF GREGORY | § | |
| HAMILTON, NATHAN BRADSHAW #784, | § | |
| ROBERT MARTIN #584, CHARLES | § | |
| OPPERMAN #1099, DURRELL | § | |
| JACKSON #687, DWIGHT J. | § | |
| JORDAN #728, JENNIFER TAYLOR, | § | |
| MARIO ALDACO #3315 and | § | |
| JERALD REYNOLDS #3989 | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's "Amended Pleading to 42 U.S.C. § 1983" (Document No. 5-6); Plaintiff's more definite statement (Document No. 22); Defendants' Motion for Summary Judgment (Document No. 82); Plaintiff's response thereto (Document No. 86); and Plaintiff's Motion to Amend During and After Trial (Document No. 90).[1]

---

[1] Plaintiff does not provide the Court with a proposed amended complaint and does not specify the amendments he wishes to make. As such, Plaintiff's motion should be denied.

# I. BACKGROUND

At the time he filed his civil rights complaint, Plaintiff was confined in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff has since been released. Plaintiff complains of an incident that occurred while he was in the custody of the Travis County Sheriff on December 26, 2006, during which he contends he was assaulted on three separate occasions. Plaintiff named as defendants: "John Doe #1 Travis County Sheriff; John Doe #2 Travis County Sheriff; John Doe #3 Travis County Sheriff; Jane Doe #1 Travis County Sheriff Counselor; and John Doe #4 & 5 whom picked me up for transfer to Del Valle about 3:30 AM."[2]

Plaintiff mailed the instant complaint to the Court on December 23, 2008. On January 9, 2009, Plaintiff was ordered to provide the Court with the names and addresses of the defendants. On January 19, 2009, Plaintiff mailed the Court two "amended pleading[s]." Plaintiff identified John Doe #1 as Sheriff Gregory Hamilton, Jane Doe #1 as the Travis County Counselor on Duty at the Travis County Jail on December 26, 2006, and John Doe #3 as John Does 1, 2, 3, 4, and 5. Plaintiff also requested additional time in which to identify the defendants. Accordingly, the Court ordered the Clerk to add Sheriff Gregory Hamilton as a defendant and granted Plaintiff an extension of time to identify the remaining defendants. The Court warned that the extension of time had no effect on the statute of limitations governing Plaintiff's claims.

---

[2] Plaintiff filed a similar lawsuit on July 23, 2008, in Cause No. A-08-CV-578-SS. In that case he named as defendants: "Travis County Sheriff 1st Shift, Travis County Sheriff 2nd Shift, Travis County Sheriff Supervisor, Travis County Sheriff's Administration, and Travis County Sheriff Dept. Supervisor and Administration." The only defendant Plaintiff identified during the pendency of that case was Sheriff Hamilton. On December 10, 2008, the Court dismissed Plaintiff's complaint against Sheriff Hamilton and Travis County for failure to state a claim upon which relief can be granted. The Court dismissed Plaintiff's claims against the unnamed defendants for want of prosecution. The Court noted Plaintiff had ample time to discover the names of the unnamed defendants.

On March 28, 2009, Plaintiff mailed to the Court a "Response to Defendant Hamilton More Compelling Discovery Answers." Plaintiff identified Jenny Doyle as the counselor on duty. He further identified Dwight J. Jordan #728, Nathan Bradshaw #784, Robert Martin #584, Charles Opperman #1099, and Durrell Jackson, Sgt. #687 as the officers who moved Plaintiff to ISO. Plaintiff also identified Mario Aldaco #3315 and Jerald Reynolds #3989 as the officers who moved him from the Travis County Jail to the Travis County Correctional Complex in Del Valle, Texas. Accordingly, the Court ordered the Clerk to substitute Jenny Doyle for the defendant identified as the Travis County Counselor on Duty. The Court also ordered the Clerk to substitute Jordan, Bradshaw, Martin, Opperman and Jackson for the defendants identified as John Does 1-5. The Court further ordered the Clerk to add as defendants Aldaco and Reynolds. Assuming that Plaintiff had finally identified the defendants he intended to the sue, the Court ordered Plaintiff to file a more definite statement specifying what each individual did to violate his constitutional rights and cause him damage. The Court received Plaintiff' more definite statement on April 30, 2009. In his more definite statement Plaintiff made clear that he had not yet named all of the defendants he intended to sue. Plaintiff repeatedly stated he is seeking the names of the three deputies who moved him to the JSLIK cell for suicide prevention.

On May 11, 2009, the Court received a motion to compel from Plaintiff. Plaintiff requested the Court to order the defendants to supplement their interrogatory answers to provide the names of the three deputies who moved Plaintiff to the JSLIK cell. Defendants responded that they have been unable to determine the identity of the specific officers who moved Plaintiff to JSLIK. They explained the only form accompanying a move to JSLIK is a list of the signatures of the nurse or doctor approving the move and the officers checking the inmate's safety once he is placed in JSLIK.

Because Defendants were unable to specifically identify the officers who moved Plaintiff to JSLIK, they provided Plaintiff with a shift log, listing every officer that worked in the area where Plaintiff was located on the date that Plaintiff claimed to have been harmed. Plaintiff's motion to compel was denied, as the defendants had fully supplemented their answer.

The Court ordered service upon all of the named defendants. On May 29, 2009, the Court received a return of service unexecuted as to Jenny Doyle. The Court was notified by Travis County that Jenny Doyle had married and she could be re-served as Jennifer Taylor. All of the named defendants were served. In June and July 2009, Defendants moved to dismiss Plaintiff's complaint. They argued Plaintiff's complaint is time-barred, because his complaint was filed on December 29, 2008, two years and three days after the incident in question. They further argued Plaintiff had failed to state a claim upon which relief can be granted.

On September 24, 2009, the Court dismissed the Defendants' motions to dismiss. The Court concluded the complaint was not filed after the limitations period had expired, as argued by the defendants. The Court explained Plaintiff's complaint was considered filed as of the date he placed it in the prison mail system for mailing on December 23, 2008. The Court stated it was unable to determine whether Plaintiff's complaint was nevertheless time-barred, because Defendants failed to address the tolling of the statute of limitations during the pendency of Plaintiff's grievances. Therefore, Defendants were ordered to file a properly supported motion for summary judgment with respect to limitations.

Defendants filed their motion for summary judgment on October 30, 2009. Defendants argue

Plaintiff named the defendants in this case long after the running of the statute of limitations.[3] They further argue Plaintiff's grievance, allegedly filed prior to his departure from the Travis County Correctional Complex, was no longer an available remedy after he was released from custody. According to Defendants, Travis County policies provide that an inmate loses standing in their pending administrative grievance when they are released. Defendants point out that Plaintiff allegedly filed his grievance on or about December 30, 2006, and was released from Travis County custody on January 5, 2007. Defendants' conclude Plaintiff's complaint, as amended, is time-barred.

Plaintiff responds he would have known the identities of the defendants earlier if Lt. Vallejo, the grievance officer, would have investigated his complaint immediately. Plaintiff claims her failure to act violates his right to due process.[4] Plaintiff further argues his complaint would not have been time-barred if the deputies, who used excessive force against him, filed use of force reports. Plaintiff requests the Court to excuse the untimely naming of the defendants in this action, so justice may be served. Plaintiff contends his failure to timely name the defendants is harmless error. Plaintiff also argues Travis County policies prevent inmates from exhausting those remedies if they are released from custody. He contends the policies violate his due process rights.

## II. ANALYSIS

A.  Standard of Review Under Fed. R. Civ. P. 56(c)

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

[3] Plaintiff did not identify Sheriff Hamilton as a defendant until January 19, 2009, and the remaining defendants until March 28, 2009.

[4] Plaintiff did not name Lt. Vallejo as a defendant and did not raise this due process claim in his complaint.

as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court views the evidence in the light most favorable to the party opposing summary judgment and indulges all reasonable inferences in their favor. "The standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.  Statute of Limitations

There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). However, the statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997's administrative exhaustion requirement. Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001).

The incident in question occurred on December 26, 2006. Plaintiff executed his complaint on December 19, 2008. However, he explains his mailing of the complaint was delayed until December 23, 2008. In fact, the postmark on his envelope is dated December 23, 2008, three days prior to the expiration of the limitations period. Although the Court did not receive the complaint until December 29, 2008, the complaint is considered filed as of the time he placed it in the prison mail system for mailing. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995).

Plaintiff indicates he filed a grievance regarding the incident on December 28, 2006. Plaintiff was released from jail on January 5, 2007. The Court is not certain what day Plaintiff returned to the jail, but he submitted a grievance on May 3, 2007, inquiring about the status of his original grievance and the investigation regarding the December 26, 2006 incident. Plaintiff indicates he did not receive a response to his May 3, 2007 request, so he submitted a letter to the sheriff on June 8, 2007. Plaintiff was subsequently interviewed by the grievance lieutenant on July 3, 2007. Plaintiff

indicates he never received a response from the lieutenant, and on December 16, 2007, submitted another request about the status of his grievance. According to Plaintiff, he finally received the lieutenant's response on September 3, 2008.

Defendants have provided the Court with the policies of the Travis County Sheriff's Office regarding the inmate grievance system. See Defendants' Exhibit A-1. The policies provide in relevant part:

> Inmates who have a pending grievance at the time of release lose all standing with respect to any further internal administrative remedy of the matter under consideration.

See Defendants' Exhibit A-1 at number 11. Because Plaintiff lost standing with respect to his alleged pending grievance at the time of his release, the limitations period was only tolled by the grievance proceedings until Plaintiff's release on January 5, 2007.

Therefore, Plaintiff's claims would be time-barred unless they "relate back" to the original filing of the complaint per Federal Rule of Civil Procedure 15(c). The Fifth Circuit has held, however, that an amendment to substitute a named party for a John Doe does not relate back under rule 15(c). Jacobsen v. Osborne, 133 F.3d 315, 320-21 (5th Cir. 1998) (reasoning that rule 15(c) requires a "mistake concerning the identity of the proper party" and that use of a John Doe moniker does not constitute a "mistake"). Plaintiff did not identify Sheriff Hamilton as a defendant until January 19, 2009, and the remaining defendants until March 28, 2009, after the limitations period had already expired.

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment [#82] and **DENY** Plaintiff's Motion to Amend During and After Trial [#90].

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE